UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80157-Cr-Marra/Hopkins
15 U.S.C. § 1

UNITED STATES OF AMERICA

vs.

ULRICH OGIERMANN, and
ROBERT VAN DE WEG

Defendants.
_____/

## UNITED STATES'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.   The United States is in possession of documents created by defendants Ogiermann, Van de Weg, and other employees of Cargolux Airlines S.A. ("Cargolux"). The United States has made copies of those documents available to defendants. The United States has a recorded statement of Robert van de Weg and has provided the defendant with a copy of that statement. The United States is not aware of any other written or recorded statements of the defendants.

2.   There were no oral statements made by the defendants before or after their arrests, in response to interrogation by any government agents, which the government intends to offer in evidence at trial.

3.   No defendant testified before the Grand Jury.

4.      The NCIC record of each defendant, if any exists, will be made available upon receipt by this office.

5.      The United States has provided to defendants electronic copies of books, email, papers, documents, and photographs (hereinafter "documents") which may be material to the preparation of the defendants' defense, or which the United States intends to use as evidence at trial to prove its case-in-chief, or which were obtained from or belonged to the defendants.[1] For the documents produced contemporaneously with this Response, the United States has attached indices of the records produced which describe the source of the documents and, where available, the bates numbers and custodians of the documents.  The United States intends to supplement its production with the additional records when they are available from a co-conspirator company.

6.      There are no results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case.

B.      DEMAND FOR RECIPROCAL DISCOVERY:  The United States requests the disclosure and production of materials enumerated as items 1, 2, and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

---

[1] Attachments A through E are enclosed with defendants' copy of this letter, and contain the indices and the technical parameters and specifications for the electronic system needed to access the documents provided.

C.     The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.     The United States has disclosed the payments, promises of immunity, leniency, preferable treatment, or other inducements made to prospective United States witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).  The United States intends to supplement its disclosure once its witness list has been finalized.

E.     The United States will disclose any prior convictions of any alleged co-conspirator, accomplice, or informant who will testify for the United States at trial.

F.     No defendant was identified in a lineup, showup, photo spread or similar identification proceeding.

G.     The United States has advised its agents and officers involved in this case to preserve all rough notes.

H.     The United States has advised the defendants of its intent to introduce extrinsic act evidence pursuant to F.R.E. 404(b).  The United States has given the defendants a description of the general nature of the extrinsic evidence it intends to offer at trial.

I.     Neither of the defendants is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

3

J.      The United States has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the United States at the trial of this cause.

K.      No contraband is involved in this Indictment.

L.      The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the possession of the United States.

M.      The United States is not aware of any latent fingerprints or palm prints which have been identified by a United States expert as those of any defendant.

N.      To date, the United States has not received from any defendant a request for disclosure of the subject-matter of expert testimony that the United States reasonably expects to offer at trial.

O.      The United States will make every possible effort, in good faith, to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

P.      The United States is prepared to collaborate with defense counsel on a written statement setting forth the discovery exchanged and any stipulations reached.  The United States will seek written stipulations to agreed facts in this case, to be signed by defendant and defense counsel.

The United States will produce to defendants, as a courtesy and in accordance with the discovery policy of the U.S. Attorney's Office, S.D. FL., and upon entry of a protective order restricting the use of such material to the defense of the instant case, material that is not discoverable under Rule 16, Jencks, Giglio, or Brady.  That material

consists of copies of reports of interviews (redacted of personal information), which interviews were conducted by the United States in the course of its investigation into price fixing by air cargo carriers in the United States and other locations, along with copies of documents shown to the witnesses during the interviews. The fact that the United States provides such non-discoverable material, pursuant to an appropriate protective order, in no way obligates the United States to provide all non-discoverable materials. The provision of these memoranda of interviews is not a concession that they may be used by the defense at trial, for cross-examination or otherwise.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16 or the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the United States pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1, 12.2 and 12.3 of the Federal Rules of Criminal Procedure, the United States hereby demands Notice of Alibi, Insanity and Public Authority defenses; the approximate time, date, and place of the offense is set forth in the Indictment.

Attached to defendants' copy of this document are: (1) Attachment A (6 pages); (2) Attachment B (6 pages); (3) Attachment C (12 pages); (4) Attachment D (20 pages); and (5) Attachment E (1 page). Please contact William Dillon if any pages are missing.

DATED: March 1, 2011

William D. Dillon (Special Bar No. A5501551)
Mark C. Grundvig (Special Bar No.  A5501546)
Richard A. Powers (Special Bar No. A5501590)

Trial Attorneys
U.S. Department of Justice, Antitrust Division
Richard B. Russell Building
75 Spring St., S.W., Suite 1176
Atlanta, GA 30303
404/331-7110
404/331-7110 fax

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2011, a true and correct copy of the foregoing

UNITED STATES'S RESPONSE TO STANDING DISCOVERY ORDER was e-filed

and served on all appropriate parties through that system.

WILLIAM D. DILLON