UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80157-CR-MARRA/HOPKINS
15 U.S.C. § 1

UNITED STATES OF AMERICA

      Plaintiff,

vs.

ULIRICH OGIERMANN and
ROBERT VAN DE WEG,

      Defendants.
_____/

**ORDER PROVIDING FOR
DISCLOSURE AND PROTECTION OF GRAND JURY MATERIALS**

On motion of the United States for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure: (1) authorizing the disclosure of grand jury materials to counsel for the defendants, including certain grand jury transcripts and documents produced to the grand jury or its agents, that (a) must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500, Rule 88.10 of the Local Rules of Procedure for the Southern District of Florida, Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, and any discovery order issued by this Court, or (b) should be disclosed in the interest of justice and fairness to enable defendants to prepare for trial; and (2) limiting the extent of

disclosure of these materials and the purposes for which such disclosure may be made, and it appearing to the Court that:

The United States expects to disclose to defendants certain grand jury materials, including grand jury transcripts and documents produced to the grand jury or its agents, which may be relevant to the charges against defendants; and

Unnecessary disclosure of grand jury transcripts and documents produced to the grand jury or its agents will frustrate the broad societal interest in grand jury secrecy.

It is hereby ORDERED:

1. The attorneys for the United States may disclose to counsel for the defendants grand jury materials that (a) must be disclosed pursuant to the Jencks Act, 18 U.S.C. § 3500, Rule 88.10 of the Local Rules of Procedure for the Southern District of Florida, Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, and any discovery order issued by this Court, or (b) should be disclosed in the interest of justice and fairness to enable defendants to prepare for trial;

2. Except as permitted by Federal Rule of Criminal Procedure 6(e), this order, or other court order, counsel for any party shall not disclose any grand jury transcript or documents or the contents thereof to any other person, provided that, for the sole purpose of preparing for trial:

    a.    counsel and investigators for any party may use their knowledge of the grand jury transcripts or documents to interview prospective witnesses;

    b.    defense counsel may show any grand jury transcripts and documents to the defendants;

    c.    counsel for any party may show a prospective witness any documents, (other than grand jury transcripts or government prepared memoranda of

interview) and may provide a prospective witness with a transcript of his or her grand jury testimony;

d.  counsel for any party may allow secretaries, clerical workers, paralegals, experts, investigators or others retained to assist in the preparation of this case for trial to view the grand jury transcripts and documents solely for the purpose of assisting counsel to prepare for the trial of this case; and

e.  counsel for the United States may show documents and grand jury transcripts to employees of the United States solely for the purpose of preparing for the trial of this case.

3. Except as permitted by Federal Rule of Criminal Procedure 6(e), each witness or potential witness to whom grand jury transcripts or documents have been shown or their contents disclosed pursuant to paragraph 2 of this order, shall not further disclose or discuss the contents thereof, to anyone other than his or her counsel, who shall not be permitted to further disclose such material;

4. Any note or memorandum that defense counsel, their secretaries, clerical workers, paralegals, investigators, or experts may make summarizing any grand jury transcript or document shall be treated as if it were a grand jury transcript or document for purposes of paragraphs 2 and 3 above;

5. All grand jury transcripts and documents disclosed pursuant to paragraphs 1 and 2 of this order and all copies thereof shall either be promptly destroyed or returned to the United States after this case is disposed of by final, non-appealable judgment or other resolution of the charges against each defendant;

6. Nothing contained herein shall restrict or prevent any party from offering any materials into evidence or citing or attaching any materials in court papers filed in this case; and

7. The parties may apply to the court for a modification of this order at any time.

DATED this 9th day of March, 2011.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE