UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80157-CR-MARRA/HOPKINS

UNITED STATES OF AMERICA,
        Plaintiff,
v.

ULRICH OGIERMANN,
ROBERT VAN DE WEG,
        Defendants.
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' OGIERMANN AND VAN DE WEG MOTION FOR BILL OF PARTICULARS

Comes now the United States, by and through the undersigned attorneys, to respond to Defendant Ogiermann and Van de Weg's ("Defendants") Motion for a Bill of Particulars. The Defendants' motion seeks particulars identifying all of the names of defendants' co-conspirators and the dates of their participation in the charged conspiracy.

The Defendants, however, are not entitled to a bill of particulars in this case because:

(1) The Indictment, the United States' response to the Defendants' request for particulars, and the document productions made by the United States pursuant to Rule 16 and the Standing Discovery Order provide the Defendants with ample information to adequately prepare their defense; and

(2) A bill of particulars is not a proper tool for bypassing Federal Rule of Criminal Procedure 16.

For these reasons, as set forth more fully herein, the Defendants are not entitled to a bill of particulars in this case and their motion should be denied.

I.  ARGUMENT

A. Background

In October 2010, the grand jury sitting in the Southern District of Florida returned a one count Indictment of Defendants Ogiermann and Van de Weg for participating in a conspiracy to fix prices on air cargo transportation services.  Both defendants are foreign nationals who participated in the conspiracy to fix prices for years through their European offices.  Defendant Ogiermann was the Senior Vice President of Sales and Marketing for Cargolux beginning in 1998.  He had numerous contacts with his former colleagues at Lufthansa and with Air France, as well as other air cargo companies.  These contacts were in person, by telephone, and email.  Documentation of these contacts is reflected in the email and telephone documents provided to the defense.  The United States has provided a hard drive containing all documents produced in the investigation by the following five co-conspirators:  Cargolux, Lufthansa, Air France, Martinair, and KLM.  In addition, as a courtesy, the United States has provided a CD-ROM with approximately 350 documents relating to the charged conspiracy.

Cargolux promoted Defendant Ogiermann to CEO and hired Defendant Van de Weg in 2003 to be its Senior Vice President of Sales and

Marketing. Much like his predecessor, Defendant Van de Weg has numerous contacts with his former colleagues at KLM, as well as Lufthansa and other air cargo carriers. Both defendants directed their subordinates, at various times during the conspiracy, to meet with and reach agreements with competitors regarding increasing prices on air cargo services. Their role in the offense is reflected in the emails provided to the defense in the CD-ROM and on the discovery hard drive.

In a letter dated February 25, 2011, the United States explained to the defendants that there were numerous occasions where they had prohibited discussions and agreements involving not only air cargo shipments to/from the United States but also in other areas of the world. The charged conduct, however, is limited to air cargo shipments to/from the United States and involving the illegal agreements with: Cargolux, Lufthansa, Air France, Martinair, and KLM. (Def. Exh. B.)

The defendants, through their Motion for Bill of Particulars, seek to have this Honorable Court require the United States to provide, in essence, a witness list and to "lock in" the case-in-chief of the United States to its current assessment of the evidence. Both are improper justifications for a bill of particulars and are particularly inappropriate in the current case. At the time of the Indictment, the defendants were the top two ranking officials of Cargolux. Many of the witnesses, including co-conspirators that the United States intends to call as witnesses, are employees of Cargolux and

3

still subordinates of the defendants. Revealing their identities and denominating them as co-conspirators, puts these witnesses in an untenable position. They are foreign nationals, not really subject to the protections of this Court, but very much subject to the subtle and not so subtle pressures of the defendants.

A bill of particulars is designed to inform the defendant of the nature of the charges against him so that he may adequately prepare his defense and to minimize surprise at trial. It is not, however, a tool for generalized discovery beyond that provided by Federal Rule of Criminal Procedure 16. A motion for a bill of particulars should only be granted when the indictment is so vague that it will not adequately notify the defendant of the charges against him. *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981); *United States v. Anderson*, 799 F2d. 1438, 1442 (11th Cir. 1986); *United States v. Scrushy*, 2004 WL 483264 (N.D. AL. March 3, 2004). The decision whether to grant or deny the motion lies within the court's discretion, and the denial of a motion for a bill of particulars may be challenged only for abuse of discretion based upon a showing of actual surprise at trial and prejudice to the defendant's substantial rights by the denial. *Colson*, 662 F.2d at 1391.

B. The Indictment and Discovery Information is Sufficient

Through the Indictment, the United States' letter response to the Defendants request for particulars, and discovery material provided, the

Defendants have sufficient detail to prepare for trial. Accordingly, a bill of particulars is unwarranted and unnecessary.

The Eleventh Circuit has repeatedly held that defendants are not entitled to a bill of particulars with respect to information already available through discovery and inspection. *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) (citing *Colson*, 662 F.2d at 1391). Where the purpose of the bill of particulars is accomplished "adequately by the indictment and discovery provided to the defendant, the Court is well within its broad discretion to deny . . . the [motion]." *United States v. Mainieri*, 691 F. Supp 1394, 1396 (S.D. Fla. 1988).

The Indictment in this case alleges in sufficient detail the terms of the conspiracy to restrain trade, the participation of the Defendants in entering into and furthering the conspiracy, and numerous overt acts committed in furtherance of the conspiracy. Additionally, the United States responded to the Defendants' request for particulars with a letter providing that "'the various corporations and individuals" [who were defendants' co-conspirators]...include: Cargolux, Martinair, Lufthansa, Air France, KLM, and their officers and agents who participated in the conspiracy with Messrs. Ogiermann and Van de Weg." (Defs. Ex. B ¶ 2). The government further clarified that the identities of the officers and agents of these companies that conspired with the Defendants "are reflected in the emails and other documents" related to the price fixing that have been provided to the

5

Defendants. (*Id.*). The United States also responded to the Defendants' request for the dates of the participation of co-conspirators by providing that the five companies previously mentioned "participated in the conspiracy at least from the fall of 2001 and continuing through February 2006." (*Id.*).

In addition to answering the Defendants' request for particulars, the United States provided the Defendants with a CD-ROM diskette containing approximately 350 relevant documents, many of which, as was explained in the letter, are expected to become trial exhibits. These documents reflect the very emails that evidence the defendants' participation in the conspiracy to fix prices.[1]

The Defendants have in their possession the information that they seek -- information well beyond what is necessary to identify the offense charged -- thus obviating the need for a bill of particulars. The detail and particularity provided by the Indictment and the United States Response, the information contained in the initial production, along with the Defendants own knowledge of the events, are more than adequate to inform the Defendants of the charges pending against them, and the United States need not furnish the Defendants with more. *See, e.g. United States v. Rosenthal*, 793 F.2d 1214 (11th Cir. 1986).

---

[1] In the February 25 letter, page 2, the United States indicates its intention to supplement the "relevant" document set (the 350 documents on the CD) on a periodic basis. (Defs Exh. B).

6

### C. A Bill of Particulars is Not a Proper Tool for Bypassing Rule 16

The information sought by the Defendants -- information beyond what is necessary for trial preparation -- is generalized discovery, and thus is not a proper purpose for seeking a bill.

The Eleventh Circuit does not allow a bill of particulars to serve as vehicle for discovery beyond that which is necessary to prepare for trial. *See United States v. Anderson*, 799, F.2d 1438, 1442 (11th Cir. 1986)("To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule. . . . A defendant who desires a list of government witnesses or '*unindicted co-conspirators*' could thus bypass Rule 16(b) restriction on discovery by asking for and receiving a 'bill of particulars' . . . .") (emphasis added). Where a motion for a bill of particulars seeks the names of unindicted co-conspirators and a defendant is already informed of the charges against him with sufficient detail to prepare a defense, such a motion is form of generalized discovery. *See Colson*, 662 F.2d at 1389.

As explained earlier, the United States supplemented the Indictment with a letter, further identifying both the unindicted co-conspirators and the dates of their participation in the conspiracy. The United States also has voluntarily provided discovery in the form of relevant documents that it expects to use as trial exhibits. This production provides the Defendants with sufficient information to prepare a defense and minimize surprise at

7

trial. Thus, the Defendants, in seeking information beyond what has already been provided, are requesting discovery not provided for under Rule 16.

The Defendants also raise concerns about being unfairly surprised at trial if they are not provided a full list of unindicted co-conspirators. However, this misconstrues the meaning of surprise as it relates to a bill of particulars. The purpose of a bill of particulars is to avoid surprise as to the charge against a defendant (as opposed to being surprised by the supporting evidence). *United States v. Scrushy*, 2004 WL 483264, *9 n.5 (N.D. Ala. March 3, 2004) ("As the court noted in *Mainieri*, there is a difference between being surprised by the charge and being surprised by the evidence supporting the charge. The function of a bill of particulars is to reduce surprise at the *charge*, that is, to enable the defendant to identify what he is alleged to have done in violation of the law. It is not to eliminate surprise with respect to evidence offered in support of a charge that is clearly understood by the defendant.")(emphasis in original). Again, given the amount and specificity of information provided to the Defendants, they cannot fairly argue that they would be surprised by the charge against them.

Because the Defendants possess, in sufficient detail, the information necessary to adequately prepare a defense, and cannot claim to be surprised by the charge, a motion for a bill of particulars serves only to provide generalized discovery, to "lock in" the Government's case, and thus is unwarranted.

II.  CONCLUSION

For the reasons set forth above, the Defendants' Motion for Bill of Particulars should be DENIED.

This 18th day of March, 2011.

> Respectfully submitted,
> /s/ William D. Dillon
> MARK C. GRUNDVIG (Special Bar No. A5501546)
> WILLIAM D. DILLON (Special Bar No. A5501551)
> Trial Attorney
> U. S. Department of Justice – Antitrust Division
> 75 Spring Street, S.W., Suite 1176
> Richard B. Russell Federal Building
> Atlanta, GA 30303
> Telephone: (404) 331-7100

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2011, a true and correct copy of the foregoing UNITED STATES'S RESPONSE IN OPPOSTION TO DEFENDANTS' MOTION FOR BILL OF PARTICULARS was e-filed and served on all appropriate parties through that system.

/s/ William D. Dillon
WILLIAM D. DILLON