UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80157-Cr-MARRA/HOPKINS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ULI OGIERMANN and
ROBERT VAN DE WEG,

        Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION FOR A BILL OF PARTICULARS**

The government's response to the Messrs. Ogiermann's and Van de Weg's motion for a bill of particulars seeking the identity of all alleged unindicted co-conspirators reflects a fundamentally flawed understanding of both the relief sought and the applicable law. The government mischaracterizes the defendants' motion as seeking "in essence, a witness list and to 'lock in' the case-in-chief of the United States to its current assessment of the evidence." Gov't Resp. at 3. The motion seeks neither of these things. Defendants' motion seeks only the identity and dates of participation of all individuals the government contends conspired with them. It does not address nor seek to limit the witnesses or documentary evidence the government may offer at trial. The identity of alleged individual co-conspirators is essential to defining the charge and the defendants are entitled to this information on a bill of particulars. With the defendants' motion accurately framed in this manner, the government's legal position is untenable. It should be rejected for at least three interrelated reasons.

<u>First</u>, the government response simply ignores the case law from this Circuit firmly establishing that the identity of co-conspirators is a proper subject for a bill of particulars. *E.g.*, *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (bill of particulars proper procedure for discovering the names of unindicted coconspirators); *United States v. Fernandez*, 780 F.2d 1573, 1575 (11th Cir. 1986) (magistrate ordered government to identify "all co-conspirators, either named or unnamed, known to the Government"); *United States v. Cole*, 755 F.2d 748, 760 (district court ordered government to "provide the names of all known co-conspirators, indicted or unindicted"); *United States v. Reid*, 2010 U.S. Dist. LEXIS 80094, at *7 (M.D. Fla. July 2, 2010) (same).

The fallacy of the government's legal position is in fact highlighted by the very cases on which it relies. For instance, in *United States v. Scrushy*, Cr-03-BE-530-S, 2004 U.S. Dist. LEXIS 30219 (N.D. Ala. Mar. 3, 2004), "the Government agree[d] defendant is *entitled to*" the "identification of co-conspirators and 'aiders and abetters.'" 2004 U.S. Dist. LEXIS 30219, at *25 (emphasis added). Similarly, in *United States v. Mainieri*, 691 F. Supp. 1394 (S.D. Fla. 1988), although the district court denied a motion for a bill of particulars on other subjects, the identity of co-conspirators was not at issue. They were identified in the Indictment. *Mainieri*, 691 F. Supp. at 1396 (indictment identified "other individuals involved in the acts").[1]

---

[1] The other cases on which the government relies are similarly off point: *United States v. Rosenthal*, 793 F.2d 1214 (11th Cir. 1986), does not address the issue of co-conspirator identities at all. In *United States v. Anderson*, 799 F.2d 1438 (11th Cir. 1986), a magistrate *granted* the defendant's request for a bill of particulars naming unindicted co-conspirators. The only issue on appeal was whether a newspaper was entitled to access to the bill of particulars, which had been filed under seal. In ruling that it was not, the court characterized a request for a list of unindicted co-conspirators as a discovery request that was not a matter of public record. 799 F.2d at 1442. The court's statement does not and cannot limit the right of a defendant to "learn[] the *identity* of co-conspirators as essential information for understanding the nature and scope of the crime charged in the indictment." *Scrushy*, 2004 U.S. Dist. LEXIS 30219, at *24-25 (distinguishing *Anderson*).

2

Second, identifying the five corporate co-conspirators, providing approximately 700,000 documents and telling the defendants that they will find the identities of the individual co-conspirators in the discovery is not a substitute for a bill of particulars. Even among the more limited universe of approximately 350 documents the government has identified to date as possible trial exhibits, there are hundreds of email senders and recipients from the alleged co-conspirator companies. Reviewing even the limited subset of current potential exhibits will not inform the defendants with whom they are alleged to have conspired. Rather, all it can tell them is with whom they or others at Cargolux and the other airlines *communicated*. Standing alone, communication with employees of competitor cargo carriers is not a crime, let alone the crime charged.[2]

It is no answer to this problem for the government to assert that the Indictment[3] and the limited particulars provided to date plus "the Defendants own knowledge of events, are more than adequate to inform the Defendants of the charges pending against them." Gov't Resp. at 5. This statement is a nonsequitor. What the defendants are entitled to know is who the *government alleges* is a co-conspirator. What the defendants may believe in this regard is simply not relevant to the issue of defining the charge.

Third, the government's articulated concern over identifying co-conspirators who are still employees of Cargolux and may be called as witnesses does not provide a basis to deny the

---

[2] The defendants' need for this information is further highlighted by the government's notice that it intends to offer other act evidence under Rule 404(b) or as inextricably intertwined with the charged conduct. *See* Mot., Exhibit B at pg. 2. Without a clear identification of the alleged co-conspirators, the defendants will be unable to intelligently evaluate the discovery and legal issues relating to this other act evidence.

[3] The government contends in part that the charge is adequately defined in the Indictment through its allegation of "the numerous overt acts committed in furtherance of the conspiracy." Gov't Resp. at 5. This is a surprising assertion because, in fact, the bare bones Indictment does not allege *any* overt acts.

defendants' motion. As an initial matter, the argument does not have any application to former Cargolux employees or to current and former employees of the other alleged corporate co-conspirators. As it relates to the identity of current Cargolux employees, the issue has already been raised and addressed by the Court. As part of the bail conditions, the government sought and obtained a condition limiting the defendants' contact with such individuals. As set forth in the Court's order setting bail conditions:

> Defendants shall have no contact with any victims or witnesses to the crime charged, except through counsel and except as may be necessary to carry out the duties and responsibilities of their employment. In the event it is necessary for either Defendant to have contact with any victim or witness to the crime charged in connection with his employment, said Defendant shall not discuss in any manner the facts and circumstances of the case or crime charged. The United States shall provide Defendants with a list of the victims and witnesses with whom Defendants are to have no contact.

Order Setting Conditions of Pretrial Release at 6-7 (Dkt. 25). Thus, not only has the concern raised by the government already been addressed by the Court, the government is currently under an order to provide the names of such witnesses.[4]

---

[4] To date, the government has not complied with the Court's order.

For the foregoing reasons, Messrs. Ogiermann and Van de Weg request that the Court direct the government to provide a bill of particulars identifying all individuals that the government contends conspired with the defendants and the dates of their alleged participation in the charged conspiracy.

Dated:  March 24, 2011

Respectfully submitted,

MANDEL & MANDEL LLP
1200 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida 33131
Telephone: 305.374.7771
Facsimile:  305.374.7776
dmandel@mandel-law.com

By:   /s/ David S. Mandel
DAVID S. MANDEL
 Florida Bar No. 38040

STILLMAN FRIEDMAN & SHECHTMAN, P.C.
Paul Shechtman (*pro hac vice*)
John Harris (*pro hac vice*)
425 Park Avenue
New York, New York 10022
Telephone: 212.223.0200
Facsimile:  212.223.1942

*Attorneys for Defendant Uli Ogiermann*

PROSKAUER ROSE LLP
Robert J. Cleary (*pro hac vice*)
William C. Komaroff (*pro hac vice*)
Matthew Triggs
 Florida Bar No. 0865745
2255 Glades Road, Suite 340 West
Boca Raton, Florida 33431
Telephone: 561.241.7400
Facsimile:  561.241.7145
rjcleary@proskauer.com
wkomaroff@proskauer.com
mtriggs@proskauer.com

By:   /s/ William C. Komaroff
*Attorneys for Defendant Robert Van de Weg*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFTY that a true and correct copy of the foregoing was filed by CM/ECF this 24th day of March 2011.

/s/ David S. Mandel