UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-80157-Cr-MARRA/HOPKINS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ULI OGIERMANN and ROBERT VAN DE WEG,

    Defendants.
_____/

## ORDER DENYING DEFENDANT ULI OGIERMANN'S and ROBERT VAN DE WEG'S MOTION FOR BILL OF PARTICULARS [DE 55]

This cause is before the Court on an Order of Referral [DE 56] of Defendant ULI OGIERMANN's and ROBERT VAN DE WEG's motion for a Bill of Particulars. [DE 55]. The Government responded in opposition [DE 62] and the Defendants replied [DE 63]. Defendants' motion is DENIED as indicated below.

### HISTORY OF THE CASE

On October 28, 2010, a federal grand jury returned an Indictment charging the Defendants, at the time of the Indictment the top two ranking executives of Cargolux Airlines International S.A. ("Cargolux"), with participating in a conspiracy between October 2001 and February 2006 to fix prices on air cargo transportation services.

The Defendants seek the identity and dates of participation of unindicted co-conspirators.

The Government in response contends that the Defendants are foreign nationals who participated in the conspiracy to fix prices while executives with Cargolux. They had contacts with Air France, KLM, Lufthansa, and other air cargo companies and directed their subordinates

to meet with and reach agreements with competitors regarding increasing prices on air cargo services. The Government asserted that they produced all documents produced by co-conspirators Cargolux, Lufthansa, Air France, Martinair, and KLM, and identified 350 relevant documents containing emails that evidence the defendants' participation in the conspiracy to fix prices.

The Government explained that there were numerous occasions where the Defendants had prohibited discussions and agreements involving not only air cargo shipments to/from the United States but also in other areas of the world. The Government further explained that the charged conduct is limited to air cargo shipments to/from the United States and involving illegal agreements with Cargolux, Lufthansa, Air France, Martinair, and KLM.

The Government revealed that many of the witnesses, including co-conspirators, are employees of Cargolux and still subordinates of the Defendants. As such it is asserted that they are subject to undue pressures from the Defendant if they were identified.

## ANALYSIS

The purpose of a bill of particulars is "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). A proper bill of particulars "supplements an indictment by providing the defendant with information *necessary* for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars ..." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citation omitted).

A defendant is entitled to be fairly apprised of the Government's theories and the particulars upon which each charge is based. *United States v. Contu*, 557 F.2d 1173, 1178 (5th Cir. 1977). Although a defendant has no right to obtain a list of government witnesses by asking for a bill of particulars, *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976), "[i]t is not uncommon for the trial judge to require the government to disclose [unindicted co-conspirators'] names when information is necessary in a defendant's preparation for trial." *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979), *cert. denied,* 100 S.Ct. 521 (noting that there is no general constitutional right to discovery of damaging testimony).

However, a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980). "A bill of particulars may not be used 'for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial.'" *United States v. Bearden*, 423 F.2d 805, 809 fn.3 (5th Cir. 1970) (citations omitted).

"A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." *United States v. Rosenthal*, 793 F. 2d 1214, 1227 (11th Cir. 1986).

The defendant is not entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection. *United States v. Rosenthal*, 793 F. 2d 1214, 1227 (11th Cir. 1986); *United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir. 1970). Where the defendant witnessed the underlying evidence denied

3

through a bill of particulars then he could hardly complain of surprise at its introduction. *United States v. Contu*, 557 F.2d 1173, 1178 (5th Cir. 1977). See also *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir.1981) ("Because the government's major witnesses were persons with whom Copeland had had significant personal or financial relations, disclosure of the list would not have materially aided his defense.").

The critical question appears to be whether the particulars sought are *necessary* for the defendants' trial preparation. *Anderson*, 799 F.2d at 1441. When it is deemed necessary, it is not uncommon for trial judges to require the government to disclose unindicted co-conspirators' names. *Barrentine*, 591 F.2d at 1077. Here the Government has explained its theory of the Defendants' responsibility for the conspiracy to fix prices on air cargo transportation services to/from the United States involving five companies and has provided significant particulars in the form of 350 documents containing emails that evidence the defendants' participation in the conspiracy to fix prices.

It appears that the Defendants already possess sufficient particulars to be fairly apprised of the case against them. *Contu*, 557 F.2d at 1178. The Government specifically identified the object of the conspiracy, the five companies that were involved in the conspiracy, and it has turned over 350 potential exhibits evidencing the conspiracy. Moreover, the Defendants appear to have had significant ties, as the senior executives at Cargolux, with the unindicted co-conspirators. *Colson*, 662 F.2d at 1391. It is hard to imagine that the Defendants will be unfairly surprised at the Government's case.

In addition, the Government asserts that many of the unindicted co-conspirator witnesses are subordinates of the Defendants and beyond the full protection of the Court. On balance the

Defendants are not entitled to further particulars since they have been fairly apprised of the case against them and the defense is not entitled to a list of government witnesses. *Pena*, 542 F.2d at 294.

Wherefore, this Court **DENIES** Defendant ULI OGIERMANN and ROBERT VAN DE WEG' Motion for a Bill of Particulars.

**DONE AND ORDERED** in Chambers this 5 day of May, 2011, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies:
Honorable Kenneth A. Marra, United States District Judge
Counsel of Record