# Exhibit A



**U.S. Department of Justice**

Antitrust Division

---

*Please refer to:* 60-481112-0001

*Atlanta Field Office*

Richard B. Russell Building     404/331-7100
75 Spring Street, S.W., Suite 1176
Atlanta, Georgia 30303     FAX 404/331-7110

February 25, 2011

Via: Electronic Mail

William Komaroff, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

       Re:    <u>United States v. Ogiermann and Van de Weg (10-80157-CR)</u>

Dear Mr. Komaroff:

      This letter is in response to your request for particulars regarding the charges in the current case, as indicated in your letter dated February 16, 2011.

      The "various corporations and individuals" referenced in Paragraph 4 of the Indictment include: Cargolux, Martinair, Lufthansa, Air France, KLM, and their officers and agents who participated in the conspiracy with Messrs. Ogiermann and Van de Weg. The identities of the numerous officers and agents of these five air cargo companies, who conspired with your client, are reflected in the emails and other documents that relate to the conspiracy to fix prices. These documents are being produced under separate cover, in response to the Standing Discovery Order. The co-conspirators from these five companies participated in the conspiracy at least from the fall of 2001 and continuing through February 2006.

      As referenced in Paragraphs 6, 7, 8, and 9 of the Indictment, the "certain surcharges...levied by Cargolux," and the defendants and other co-conspirators, include the security surcharge, the fuel surcharge, and the war risk surcharge. In addition, Messrs. Ogiermann and Van de Weg conspired to increase rates and conspired to keep the forwarders from earning a commission on the amount of the surcharges.

      The evidence relating to the activities carried out, in part, in the Southern District of Florida will be included in the documents forwarded to your office next week under the Standing Discovery Order. Those documents will show, among other things, that surcharge increases were implemented through Cargolux's Boca Raton office.

The United States intends to offer evidence showing that Mr. Van de Weg had discussions and agreements in an effort to increase base rates in 2005. The United States will also offer evidence that Mr. Ogiermann, or his subordinates, participated in discussions and agreements in an effort to increase base rates in 2000 and 2001. This evidence may be considered intrinsic to the charged conduct, inextricably intertwined therewith, or offered pursuant to F.R.E. 404(b).

In addition, both defendants participated in discussions and agreements to increase components of cargo rates, as indicated in Paragraphs 7, 8, and 9 of the Indictment, on cargo shipments affecting areas of the world outside of the United States. These discussions and agreements occurred with the same group referenced above and began at least as early as 1999. The co-conspirators include: Cargolux, Martinair, Lufthansa, Air France, KLM, and their officers and agents. The evidence relating to these agreements to increase components of cargo rates will be included in the documents provided next week. This evidence may be considered intrinsic to the charged conduct, inextricably intertwined therewith, or offered pursuant to F.R.E. 404(b).

In addition to the foregoing, the United States expects to offer evidence that Mr. Van de Weg (and perhaps Mr. Ogiermann) participated in a conspiracy to make payments to certain officials which were in violation of the Foreign Corrupt Practices Act ("FCPA"). As you are aware, we are currently in the process of assembling this information. This evidence may be considered intrinsic to the charged conduct, inextricably intertwined therewith, or offered pursuant to F.R.E. 404(b).

Numerous witnesses called by the United States in this matter will have received non-prosecution agreements. As you are aware, in negotiating the plea agreements with each of the air cargo companies which were prosecuted in this series of cases, the United States agreed not to prosecute most corporate agents in exchange for their agreement to provide truthful cooperation. Many witnesses called from the air cargo companies will be testifying under these non-prosecution agreements. The corporate plea agreements, including the non-prosecution language for truthfully cooperating employees, are available on the Antitrust Division website. Once we finalize our witness list and provide the *Jencks* material, we will provide the additional documentation regarding the non-prosecution agreements for each of our witnesses.

I am enclosing herewith a CD-ROM diskette which includes approximately 350 documents that are relevant to the case. We expect that many of these documents will be exhibits at trial. Our intention is to supplement this information on a periodic basis in order to adhere to the requirements of the Discovery Order entered on February 16, 2011. With regard to that Order, please forward to my office a copy of all materials responsive to Paragraph B, that are in your custody or control.

Please do not hesitate to contact me at the number above if you have any additional questions or concerns.

Sincerely,

William D. Dillon
Trial Attorney

cc: Paul Shechtman, Esq.

Enclosure