UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80157-Cr-MARRA/HOPKINS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ULI OGIERMANN and
ROBERT VAN DE WEG,

    Defendants.
_____/

### DEFENDANTS' RESPONSE TO MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION

On June 6, 2011, the government filed a motion to preclude evidence aimed at jury nullification related to:

1. The punishment allowable by law for a violation of 15 U.S.C. § 1, and the collateral consequences a conviction may have on defendants;

2. The economic justification, lack of harm, or alleged reasonableness of prices that have been reached as a result of an antitrust conspiracy; and

3. The financial characteristics, or other unique circumstances, of defendants.

(D.E. 65 -- Gov't Br. at 1).

As an initial matter, the defendants have no intention of offering evidence or making arguments aimed at jury nullification. More specifically, with respect to categories (1) and (3), the defendants do not intend to offer evidence concerning punishment, collateral consequences or the defendants' personal financial or other unique circumstances as grounds for a jury to

acquit.  We do not read the government's motion to be aimed at proper character evidence under Federal Rule of Evidence 404(a)(1), and the defense is likely to offer such evidence.

The issues raised by the government's category two (economic justification, lack of harm, reasonableness) are more complex.  The government's position is that the charged conspiracy to fix a component of price, rather than total price, cannot be subject to rule of reason analysis and, therefore, evidence going to "reasonableness" is irrelevant.  The defense is still exploring this issue, including through consultation with economic and legal experts, and requests an additional 30 days to do so.  We have conferred with counsel for the government and they consent to the request for an additional 30 days to respond to category 2 of the government's motion.

Dated:  June 23, 2011                              Respectfully submitted,

                                                          MANDEL & MANDEL LLP
1200 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida 33131
Telephone: 305.374.7771
Facsimile:  305.374.7776
dmandel@mandel-law.com

By:   /s/ David S. Mandel
DAVID S. MANDEL
 Florida Bar No. 38040

STILLMAN FRIEDMAN & SHECHTMAN, P.C.
Paul Shechtman (*pro hac vice*)
John Harris (*pro hac vice*)
425 Park Avenue
New York, New York 10022
Telephone: 212.223.0200
Facsimile:  212.223.1942

*Attorneys for Defendant Uli Ogiermann*

2

        PROSKAUER ROSE LLP
Robert J. Cleary (*pro hac vice*)
William C. Komaroff (*pro hac vice*)
Matthew Triggs
 Florida Bar No. 0865745
2255 Glades Road, Suite 340 West
Boca Raton, Florida 33431
Telephone: 561.241.7400
Facsimile:  561.241.7145
rjcleary@proskauer.com
wkomaroff@proskauer.com
mtriggs@proskauer.com

By:  /s/ William C. Komaroff

*Attorneys for Defendant Robert Van de Weg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFTY that a true and correct copy of the foregoing was filed by CM/ECF this 23rd day of June 2011.

/s/ David S. Mandel