UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80157-Cr-MARRA/HOPKINS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ULI OGIERMANN and
ROBERT VAN DE WEG,

        Defendants.

_____/

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO PRECLUDE OTHER ACT EVIDENCE

This memorandum is submitted in further support of defendants' motion to preclude evidence concerning uncharged conspiracies to (1) increase base rates, (2) refuse paying commissions to freight forwarders on surcharges, and (3) make payments to foreign officials in violation of the Foreign Corrupt Practices Act.  The government's response fails almost entirely to address, let alone rebut, the articulated grounds for exclusion.  As set forth in the defendants' motion, and for the additional reasons noted below, the defendants' motion should be granted in full.

**I.    EVIDENCE CONCERNING BASE RATES, FREIGHT FORWARDER COMMISSIONS AND FOREIGN PAYMENTS IS NOT INTRINSIC TO THE CHARGED CONDUCT**

The government devotes the majority of its "inextricably intertwined" discussion to arguing that evidence concerning surcharges imposed outside of the United States is inextricably intertwined with surcharges affecting the United States market.  (Gov't Resp. at 3-4.)  Messrs.

Ogiermann and Van de Weg have not moved to preclude such evidence.  On the matters that are in dispute, the government provides absolutely no factual basis for the Court to conclude that these matters are inextricably intertwined with the charge.

While the government concedes that is has not yet "fully developed the facts" on foreign payments, (Gov't Resp. at 4 n. 3), it nonetheless baselessly asserts that evidence on this subject is inextricably intertwined with the alleged surcharge conspiracy.  There is no law to support this assertion.  There are no facts to support this assertion.  Simply stating it cannot make it so.

With respect to freight forwarder commissions, the government has failed to provide any analysis at all.  Instead, it attempts to avoid the issue with a cursory footnote asserting that, because the non-payment of commissions on surcharges to freight forwarders was included in the "Manner and Means" section of the Indictment, the Court need not analyze it under either the extrinsic evidence or Rule 404(b) standards.  (Gov't Resp. at 1, n.1.)  The Court cannot avoid an analysis of whether evidence is extrinsic or intrinsic simply because the subject is referenced in the "Manner and Means" section of the Indictment.  *See United States v. Cancelliere*, 69 F.3d. 1116, 1124 (11th Cir. 1995) (analyzing whether uncharged conduct included in the "manner and means" section of the indictment was factually inextricably intertwined with the charged conduct).

The government's contention in support of its assertion that base rates are inextricably intertwined is that discussions concerning them occurred "concurrently" or "in conjunction with" fuel surcharge discussions.  (Gov't Resp. at 4.)  The fact that an uncharged conspiracy was allegedly going on at the same time as the charged one is not a sufficient basis to conclude that the two are inextricably intertwined.  *See United States v. Chilcote*, 724 F.2d 1498, 1501 (11th Cir. 1984) (evidence of uncharged conduct is not intrinsic without a factual basis to show that

evidence of the charged conduct would be "incomplete or confusing" absent admission).

Moreover, the government simply ignores the fact that it charged a base rates and freight

forwarder commission conspiracy against Air France defendants, but not against Messrs.

Ogiermann and Van de Weg.  There is no logical explanation for this decision that is consistent

with a conclusion that the two separate objects were inextricably intertwined with the surcharge

conspiracy alleged in this case.

## II.   EVIDENCE CONCERNING BASE RATES, FREIGHT FORWARDER COMMISSIONS AND FOREIGN PAYMENTS IS NOT ADMISSIBLE UNDER RULE 404(B)

The parties are in agreement that a three part test governs the admissibility of evidence

under Rule 404(b).  Messrs. Ogiermann's and Van de Weg's motion showed that under this test

(1) the government cannot establish the relevance of extrinsic evidence related to base rates,

freight forwarder commissions, and alleged payments to foreign officials; (2) there is an absence

of proof that defendants committed these uncharged acts; and (3) the confusion of issues and

undue delay that would result from the admission of the extrinsic evidence would substantially

outweigh any probative value.  (Mot. at 4-7.)   The government's response is limited to the first

prong – relevance -- and rests on the conclusory boilerplate assertion that "price fixing in the

global market for air freight, conspiring to increase base rates, and illicit foreign payments"[1] are

offered to show "defendants' intent to join the conspiracy, state of mind, a common plan or

scheme of enriching Cargolux by dishonest means, motive to commit the acts charged . . . and

also absence of mistake."  (Gov't Resp. at 7.)

---

[1] As noted above, the defense motion does not seek to limit evidence based on its "global" as opposed to United States focus, and the government has acknowledged that at this point it has no factual proffer to make to the Court on illicit foreign payments.

Without a demonstration by the government that evidence on the proffered subjects can overcome the hurdles imposed by the sufficient proof and undue prejudice prongs of a Rule 404(b) analysis, there is no basis for the Court to admit the evidence. *See United States v. Lamons*, 532 F.3d 1251, 1265-66 (11th Cir. 2008) (courts must determine if there is sufficient proof for a jury to conclude that the defendant committed the uncharged offense); *United States v. Beechum*, 582 F.2d 898, 913 (5th Cir. 1978) (same). This is so because there is simply no factual ground on which to rest a conclusion that the proffered evidence could be probative for a non-propensity purpose, nor a basis for the Court to find that whatever probative value there might be is not substantially outweighed by undue prejudice, confusion of the issues, undue delay or waste of time. (Mot. at 5.)

The government has not told the Court (or the defendants) anything of substance about what evidence the government seeks to offer and what it would show:

Base Rates: What base rates were allegedly discussed? Where did the discussions take place? Who participated? What, if any role did the defendants allegedly play? Were any rates actually fixed or agreed to be fixed, and, if so, which ones?

Freight Forwarder Commissions: Where and when did discussions concerning freight forwarder commissions take place? What, if any, role did the defendants play in them? How, if at all, did any such discussions result in any change in carrier policy?

The Court has no basis to answer any of these questions. And the government's decision, after a five year investigation, not to charge Messrs. Ogiermann and Van de Weg in a base rate or freight forwarder commission conspiracy highlights the absence of proof to support a conclusion that the defendants participated in illegal conduct with respect to these subjects.

4

The government also fails to address the defendants' contention that the admission of extrinsic act evidence would result in substantial confusion of the issues, delay, and wasted time. Instead, as stated at the status conference held on June 22, the government continues to assert that this is a simple case that it can present in one week.  But it fails to reconcile that claim with the complexity and scope of evidence relating to freight forwarder commissions, base rates and foreign payments.  It also fails to address the obvious failings in its disclosure and discovery on these matters, particularly as to base rates.  As set forth in defendants' motion, defending against such allegations would involve significant complexities and require economic analyses and the presentation of expert testimony.  (Mot. at 6-7.)  Such a trial within a trial on uncharged acts would unduly delay the proceedings and distract the jury from the charged conduct; it would swallow the trial on the actual charge.

## <u>CONCLUSION</u>

For the foregoing reasons, as well as those set forth in their motion, Messrs. Ogiermann and Van de Weg respectfully request that the Court preclude the government from offering other act evidence at trial.

Dated:  July 1, 2011                         Respectfully submitted,

                                             MANDEL & MANDEL LLP
                                             1200 Alfred I. duPont Building
                                             169 East Flagler Street
                                             Miami, Florida 33131
                                             Telephone: 305.374.7771
                                             Facsimile:  305.374.7776
                                             dmandel@mandel-law.com

                                     By:     /s/ David S. Mandel
                                             DAVID S. MANDEL
                                              Florida Bar No. 38040

STILLMAN FRIEDMAN & SHECHTMAN, P.C.
Paul Shechtman (*pro hac vice*)
John Harris (*pro hac vice*)
425 Park Avenue
New York, New York 10022
Telephone: 212.223.0200
Facsimile:  212.223.1942


*Attorneys for Defendant Uli Ogiermann*


PROSKAUER ROSE LLP
Robert J. Cleary (*pro hac vice*)
William C. Komaroff (*pro hac vice*)
Matthew Triggs, Florida Bar No. 0865745
2255 Glades Road, Suite 340 West
Boca Raton, Florida 33431
Telephone: 561.241.7400
Facsimile:  561.241.7145
rjcleary@proskauer.com
wkomaroff@proskauer.com
mtriggs@proskauer.com


By:    /s/ William C. Komaroff


*Attorneys for Defendant Robert Van de Weg*


## CERTIFICATE OF SERVICE


I HEREBY CERTIFTY that a true and correct copy of the foregoing was filed by
CM/ECF this 1st day of July 2011.

/s/ David S. Mandel