UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80157-CR-MARRA/HOPKINS
15 U.S.C. § 1

UNITED STATES OF AMERICA

        Plaintiff,

vs.

ULIRICH OGIERMANN and
ROBERT VAN DE WEG,

        Defendants.
_____/

**UNITED STATES' REPLY TO DEFENDANTS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE TO PRECLUDE
EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION**

    The United States, through its undersigned attorneys, respectfully replies to Defendant Ogiermann and Defendant Van de Weg's Supplemental Memorandum in Opposition to the Motion *in Limine* of the United States to Preclude Evidence and Argument Aimed at Jury Nullification ("Response") (D.E. 79).

    Defendants contend that they should be permitted to introduce evidence that: 1) it made economic sense to charge the same prices as their co-conspirators, 2) certain airlines continued to price surcharges similarly after the charged conspiracy, and 3) airlines not charged in the present case also imposed similar prices. They assert that each of these arguments and related evidence are relevant to the question of whether defendants entered into a per se violation of the Sherman Act. Defendants are wrong on all counts and their stated intent to introduce this type of evidence underscores the necessity that the motion of the United States to exclude such evidence should be granted.

Whether prices that resulted from the price-fixing agreement and that Cargolux imposed were "reasonable" is irrelevant and is no defense in a per se price fixing case. *See United States v. Giordano*, 261 F.3d 1134, 1144 (11th Cir. 2001). Similarly, it is no defense that it may have made economic sense for defendants to meet with competitors and agree to follow one another on surcharge increases in the face of economic conditions. The agreement is *per se* illegal even if there was a rational, economic basis for it. The United States need only prove that defendants acted voluntarily and intentionally when they entered into the agreement to fix prices as alleged in the Indictment. Both the Supreme Court and the Eleventh Circuit have held that the United States need only prove that the defendant agreed to fix prices and that the reasonableness of that agreement is irrelevant. *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 224 n.59 (1940); *Giordano*, 261 F.3d at 1142-1144 (citing *Socony-Vacuum Oil Co.*, 310 U.S. at 218) ("[F]or over forty years this Court has consistently and without deviation adhered to the principle that price-fixing agreements are unlawful *per se* under the Sherman Act and that no showing of so-called competitive abuses or evils which those agreements were designed to eliminate or alleviate may be interposed as a defense")). Indeed, whether the price-fixing conspiracy was successful or had any effect at all on prices is irrelevant. *Associated Press v. United States*, 326 U.S. 1, 12 (1945). Therefore, any evidence going to the reasonableness of the prices resulting from the conspiracy should be excluded, as requested in the Motion of the United States. Similarly, any evidence offered to show that it would have been foolish or economically unwise for Cargolux not to have adopted the same prices as Lufthansa or other airlines is entirely beside the point. Defendants apparently recognize that they will not be able to deny the existence of conspiratorial meetings and conversations and now seek permission to justify their illegal

agreements under the guise of introducing economic justification evidence as evidence of the lack of an agreement.  That defendants have located an economist that will testify that the pricing changes were reasonable and that it would have made no economic sense for Cargolux not to follow the pricing of its co-conspirators is irrelevant as to whether they agreed during numerous calls and meetings to impose similar surcharges.  Defendants of course are free to deny that they reached agreements during meetings, but they should not be permitted to confuse the jury by offering evidence that suggests conspiratorial agreements are permissible as long as it also made economic sense to impose the prices.

      Defendants seek to introduce two other categories of evidence that are equally irrelevant to the question of whether <u>these defendants</u> entered into an illegal agreement <u>during the period charged</u>.  They also seek to offer economic evidence about events that took place <u>after</u> the period charged.  This type of evidence was never contemplated under *Continental Baking Co. v. United States*, 281 F.2d 137 (6th Cir. 1960), which allowed a narrow class of evidence during the conspiracy period related to the pricing actions only of the charged conspirators.  In doing so, that court specifically noted that its ruling should not "be construed as opening the door wide for defendants to introduce whatever economic evidence they choose." *Id.* at 145-146.  The court instructed that "materiality and relevancy are always an issue" and the question it was considering was "a narrow one." *Id.*  Finally, the court cautioned that the narrow class of permissible economic evidence "must not be too remote from the issue." *Id.*  While it is entirely unclear what time period the defendants seek to introduce evidence about, *Continental Baking* makes clear that economic evidence at most is limited to pricing actions <u>during</u> the conspiracy,

and evidence relating to pricing after the charged conspiracy period is too remote and is not permitted.

Similarly, the third category of evidence defendants seek to admit, regarding airlines not alleged to be part of the conspiracy, should be excluded as immaterial and irrelevant.  What other companies, not part of the charged conspiracy, did in regard to their surcharge pricing is totally unrelated to what the government must prove in this case—that the defendants entered into a per se illegal agreement.  While failing to identify which "numerous carriers" defendants intend to insert into the present case, they nonetheless broadly assert such evidence would be permissible under *Continental Baking* after introducing a hypothetical, factual scenario that court never considered.  Response at 4.  This type of evidence falls well outside the narrow class of economic evidence *Continental Baking* contemplates and is "too remote" to be allowed.  Should defendants be allowed to introduce such evidence of what "numerous other carriers" did or didn't do, the government would necessarily be required to respond by introducing evidence that, no doubt, many of these other carriers indeed were involved in separate illegal agreements to collude on the very same surcharges in other markets.  Similarly, were defendants permitted to introduce evidence of what these "numerous other carriers" did, the government would necessarily need to be permitted to show that numerous, additional other carriers did not adopt the same pricing structure to rebut the defendants' arguments.  The result would be weeks of irrelevant evidence unrelated to whether or not <u>these defendants</u> entered into illegal agreements in the charged case.  The defendants' request to try an irrelevant case within the current case should be denied.

4

The type of economic evidence defendants seek permission to introduce is specifically the type of evidence that the United States sought to exclude because it is not relevant to any element of the *per se* offense charged.  Therefore, the United States respectfully requests that the Court grant the United States' Motion and exclude evidence or arguments relating to the economic justification, lack of harm, or alleged reasonableness of prices that have been reached as a result of an antitrust conspiracy.

DATED this 25th day of August, 2011.

                Respectfully submitted,

                 /s/ Mark C. Grundvig
                MARK C. GRUNDVIG (Special Bar No. A5501546)
                WILLIAM D. DILLON (Special Bar No. A5501551)
                U.S. Department of Justice, Antitrust Division
                450 5th Street, N.W., Suite 11300
                Washington, DC 20530
                Tel.: (202) 305-1878
                Facsimile: (202) 514-6525
                mark.grundvig@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of August 2011, I electronically filed a true and correct copy of the foregoing United States' Reply to Defendants' Supplemental Memorandum in Opposition to Motion in Limine to Preclude Evidence and Argument Aimed at Jury Nullification with the Clerk of Court using the CM/ECF system, and served on all appropriate parties through that system.

                                                  /s/ Mark C. Grundvig
                                                  Mark C. Grundvig