UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**UNITED STATES OF AMERICA,**          :
:
   -against-          :
:  Case No. 10-CR-80157
**ULRICH OGIERMANN and**          :  (MARRA/HOPKINS)
**ROBERT VAN DE WEG,**          :
:
   **Defendants.**          :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING THE FOREIGN DEPOSITION OF MATTHEW MA

  The government has taken a truly extraordinary position in its response to defendants' motion for a Rule 15 deposition of Matthew Ma. The government investigated and charged an allegedly worldwide conspiracy. The key operative events in this case all took place abroad, and government counsel themselves travelled abroad to interview Mr. Ma and others prior to charging the case. The defense expects that the key government witnesses at trial will all be foreign executives and former foreign executives of the alleged co-conspirator airlines. The government will be able to get its witnesses to trial by dint of the terms of the cooperation and amnesty agreements it has with them and/or their employers. Yet it seeks to prevent the defendants from presenting their case which, not surprisingly, will rely in part on the testimony of foreign witnesses. The government's position is untenable and should be rejected for at least three reasons.

  First, the government contends that the proffered testimony is not sufficiently detailed, reliable or material. (Gov't Br. at 2.) In the Eleventh Circuit, proffers of testimony in the Rule 15 context "may be made by several means including affidavit, proffered testimony, or calling a

witness to the stand." *United States v. Ramos*, 45 F.3d 1519, 1523 (11th Cir. Fla. 1995). Courts of this circuit routinely rely on attorney proffers to satisfy this requirement. *See United States v. O'Sullivan*, 553 F. Supp. 2d 349 (M.D. Fla. 2008); *United States v. Marteau*, 152 F.R.D. 364 (M.D. Fla. 1995).

As proffered in the defendants' motion, Mr. Ma's testimony is clearly material to the case. The government has asserted that the identities of the alleged individual co-conspirators "are reflected in the emails and other documents that related to the conspiracy to fix prices." (Def. Mot. at Exh. A.) The government previously identified to the defense approximately 330 documents from which it was likely to designate government exhibits and Mr. Ma is a sender or recipient on approximately 35 – over 10% – of these documents. It is difficult to conceive of testimony more material than that of an alleged co-conspirator who will testify that he was neither part of the charged conspiracy, nor aware of the existence of it. In addition, Mr. Ma reports directly to Mr. Van de Weg and, previously, reported directly to Mr. Ogiermann. He is one of a handful of senior executives at Cargolux who participated in meetings, telephone calls and correspondence with both defendants regarding Cargolux's pricing and surcharge policies on a company-wide basis. Thus, Mr. Ma possesses unique knowledge that is central to the allegations in this case and crucial to the defense.[1]

Second, the government questions the admissibility of a potential deposition in Hong Kong. (Gov't Br. at 5-6.) The Eleventh Circuit has made clear that a motion under Rule 15 concerns "preserving testimony for *possible* subsequent use" rather than its admissibility, stating that a "crucial distinction . . . exists between the propriety of *taking* depositions versus the

---

[1] The government undoubtedly is aware that these facts would be the centerpiece of Mr. Ma's testimony. During its investigation, the government interviewed Mr. Ma (in person, in a foreign country) and he presumably told the government just that. Thus, it is surprising that the government is even arguing the materiality point.

propriety of *using* the depositions at trial." *United States v. Drogoul*, 1 F.3d 1546, 1554-55 (11th Cir. 1993) (emphasis in original). Any questions of admissibility are better addressed closer to trial once the Court has the opportunity to review the transcript and procedures used during the deposition. *See id.* ("The court's concerns about the procedures surrounding the depositions are best addressed if and when the government seeks to introduce the depositions in evidence.")

The government's contention regarding the supposed lack of procedural safeguards is also incorrect. Defense counsel has consulted the United States Consulate in Hong Kong, which has established procedures for the conducting of depositions in Honk Kong for matters pending before United States courts. If the Court grants the motion, Mr. Ma can swear an oath administered by a United States consular official at the United States Consulate in accordance with Rule 15.[2] Due to consular security policy, depositions may not be conducted at the United States Consulate. Therefore, after the witness is sworn, the parties are directed to conduct the deposition at private offices in Hong Kong. Thus, following the oath, Mr. Ma's deposition will be conducted at Proskauer's Hong Kong office. As a result of the oath administered by a consular official, Mr. Ma will be subject to penalties of perjury under 18 U.S.C. § 1621. *See United States v. King*, 552 F.2d 833, 841 (9th Cir. 1976) (admitting deposition testimony because "the federal perjury and false declaration statutes also specifically apply to extraterritorial testimony under oath, as here, for the proceedings"); 18 U.S.C. § 1621 (applies to statements made "within or without the United States").

---

[2] Rule 15(e) provides that "[u]nless these rules or a court order provides otherwise, a deposition must be taken and filed in the same manner as a deposition in a civil action…." Fed. R. Civ. P. 28(b), in turn, governs the taking of depositions in a foreign country and provides that "[d]epositions may be taken in a foreign country… on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States…."

Third, the government contends that it will be disadvantaged by the fact that it would be able to participate in the deposition by video only.  The government should not be heard to complain about having to participate in the deposition by video.  To be clear, that is a limitation of the government's choosing, not one that the defense seeks to impose.  When it was investigating this case, the government found the resources to travel abroad to interview witnesses, including Mr. Ma.  If the government would prefer to participate in the deposition in person, it will certainly find the resources to do so now.  This is an international price fixing case where the government was well aware of the likelihood of foreign depositions.  The government chose to spend considerable resources, including foreign travel, investigating this case.  It should not then be allowed to choose to cease foreign travel in order to prevent the defense from presenting critical exculpatory evidence.

## CONCLUSION

For the reasons set forth above, the defendants' motion to take the foreign deposition of Matthew Ma pursuant to Rule 15 of the Federal Rules of Criminal Procedure should be granted.

Dated:  November 18, 2011            Respectfully submitted,

MANDEL & MANDEL LLP
1200 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida 33131
Telephone: 305.374.7771
Facsimile:  305.374.7776
dmandel@mandel-law.com

By:   /s/ David S. Mandel
      DAVID S. MANDEL, Florida Bar No. 38040

ZUCKERMAN SPAEDER LLP
Paul Shechtman (*pro hac vice*)
1540 Broadway
New York, New York 10036
Telephone: 212.704.9600
Facsimile: 212.704.4256

*Attorneys for Defendant Uli Ogiermann*

PROSKAUER ROSE LLP
Robert J. Cleary (*pro hac vice*)
William C. Komaroff (*pro hac vice*)
Matthew Triggs, Florida Bar No. 0865745
2255 Glades Road, Suite 340 West
Boca Raton, Florida 33431
Telephone: 561.241.7400
Facsimile: 561.241.7145
rjcleary@proskauer.com
wkomaroff@proskauer.com
mtriggs@proskauer.com

By: /s/ William C. Komaroff

*Attorneys for Defendant Robert Van de Weg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused the foregoing document to be electrically filed with the Clerk of the Court using CM/ECF on November 18, 2011.  I also certify that the foregoing document is being served this day on counsel of record for identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/ Matthew Triggs

**SERVICE LIST**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-CR-80157 (MARRA/HOPKINS)

*United States of America*
*v.*
*Ulrich Ogiermann and Robert Van de Weg*

Mark C. Grundvig
William D. Dillon
U.S. Department of Justice, Antitrust Division
450 5th Street, N.W., Suite 11300
Washington, DC 20530
Tel.: (202) 305-1878
mark.grundvig@usdoj.gov
william.dillon@usdoj.gov
Via CM/ECF